DAYLE ELIESON
United States Attorney
JAMES E. KELLER (NVBN # 10636)
Assistant United States Attorney
Bruce R. Thompson Federal Courthouse
400 So. Virginia Street, Suite 900
Reno, Nevada  89501
Phone: (775) 784-5438
Fax: (775) 784-5181
James.Keller3@usdoj.gov
Attorneys representing the United States of America

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>JOSE VALENTIN MORA, *et al.*<br><br>Defendants. | Case No. 3:18-CR-00057-MMD-WGC<br><br>Related Cases: 3:18-cr-00053-MMD-WGC, 3:18-cr-00055-MMD-WGC, 3:18-cr-00056-MMD-WGC, 3:18-cr-00060-MMD-WGC<br><br>PROPOSED JOINT COMPLEX CASE SCHEDULE PURSUANT TO LCR 16-1(a) AND ORDER |

Pursuant to Local Criminal Rule ("LCR") 16-1(a)(1) and (2), counsel for the United States, DAYLE ELIESON, United States Attorney for the District of Nevada, James E. Keller, Assistant United States Attorney; and Christopher P. Frey, Esq., Assistant Federal Public Defender, counsel for defendant Jose Valentin Mora; Loren Graham, Esq., Counsel for Defendant Sandy Diaz Tavares; Scott Edwards, Esq., Counsel for Defendant Javier Chavez; Janice Hubbard, Esq., Counsel for Defendant Shawn Curl; Theresa Ristenpart, Esq., Counsel for Defendant Marcos Antonio Hernandez-Cisneros; Kathleen Bliss, Esq., Counsel for Defendant Robert Mora-Mora; Dennis Cameron, Esq., Counsel for Defendant Juan Baca; Cheryl Field-Lang, Esq., Counsel for Defendant Richard Rossall; Steve Sexton, Esq., Counsel for Defendant Ciarra Hernandez; Richard Molezzo, Esq., Counsel for Defendant Marco Antonio Ramirez; Paul Wolfe, Esq., Counsel for Defendant Leon DeJesus Munera; Kenneth Stover, Esq., Counsel for

Defendant Kelsea Barbara Riley; Maysoun Fletcher, Esq., Counsel for Defendant Jorge Ayala-Chavez; John Arrascada, Esq., Counsel for Defendant Alberto Beto Acosta-Macias; and Michael Kennedy, Esq., Counsel for Defendant Dagoberto Mora-Silva; file this proposed joint complex case schedule in the above-referenced cases.

First and foremost, the parties acknowledge the Court's Order of September 5, 2018 (ECF No. # 179) in 3:18-cr-00057-MMD-WGC. This joint proposed complex case schedule is submitted in response to it as the parties' joint status report, with the hope that the schedule meets the Court's questions as raised in its Order. In addition, this proposed Complex Case Schedule is also filed seeking an Order "fixing the schedule for discovery, pretrial motions, and trial." LCR 16-1(a)(1)–(a)(4).

The parties have provided this Complex Case Schedule and a proposed Order for the Court pursuant to LCR 16-1(a)(3) & (a)(4). Finally, pursuant to Local Rule 16-1(a)(4) and Title 18, United States Code, Sections 3161 *et seq.* ("the Speedy Trial Act"), the Order should include a determination that the period until trial shall be excluded in computing the time within which the trial must commence.

## STATEMENT OF INTENT

The purpose of the Complex Case Schedule is to provide a predictable framework for pre-trial disclosure of information, to establish a method for resolution of discovery disputes without the need for Court intervention, and to provide a means for the well-informed and efficient resolution of all the cases listed above. The Complex Case Schedule is not intended to create remedies not otherwise available to the parties under the U.S. Constitution, statutes, or the Federal Rules of Criminal Procedure. Nor is it intended to serve as a basis for allegations of misconduct or other claims for relief.

This schedule applies to all pending and related cases, namely, cases 3:18-cr-53-MMD, 3:18-cr-55-MMD, 3:18-cr-56-MMD, 3:18-cr-57-MMD, and 3:18-cr-60-MMD. The defendants at this time agree that case 3:18-cr-57-MMD should proceed first to trial and defendants in all related cases do not wish to proceed to trial in any of the related cases prior to trial in 3:18-cr-57-MMD.

1    The parties have not yet made any determination as to how to group the 17-currently charged
2  defendants in 3:18-cr-57-MMD because the government, and at least some of the other parties, believe
3  not all 17 defendants will proceed to trial in that case. The government will enter good-faith plea
4  negotiations with counsel for any defendants who may be seeking resolution of their clients' cases short
5  of trial prior to the dispositive motion filing deadline.

6    The parties respectfully reserve the opportunity to file a motion with the Court as to possible
7  groupings, if necessary, of remaining defendants in this case for trial no later than 30 days after
8  dispositive motions are due.

## THE 3:18-CR-57-MMD CASE IS COMPLEX

10   Defendants have had their initial arraignments and the Court entered their pleas of not guilty to
11 the charges in the Indictment returned by a federal grand jury in the District of Nevada between June
12 27, 2018, and September 19, 2018. A few defendants have not yet been arraigned on the Indictment in
13 this case to date, such as Jose Vega, Angel Diaz, and Francisco Mesa. The defendants are joined for
14 trial under the Speedy Trial Act. See 18 U.S.C. § 3161 et seq.

15   Under United States v. Morales, 875 F.2d 775, 776 (9th Cir. 1989), where "several defendants
16 are joined for trial, the seventy day calculation [under the Speedy Trial Act] is measured from the date
17 the last co-defendant was . . . arraigned."  Because all of the defendants are joined for trial, any
18 reasonable period of time excluded for one defendant is excluded for all of the defendants. 18 U.S.C. §
19 3161(h)(7); see also United States v. Henderson, 476 U.S. 321. 323 n.2 (1986) (noting that under 18
20 U.S.C. § 3161(h)(7) the Speedy Trial Act clock is synchronized as to all defendants joined in a joint
21 trial); United States v. Dota, 33 F.3d 1179, 1183 (9th Cir. 1994) (noting that an "ends of justice"
22 continuance granted to one defendant applies to all defendants); United States v. Hall, 181 F.3d 1057,
23 1062 (9th Cir. 1999) ("the general purpose of § 3161(h)(7) is to facilitate the efficient use of judicial
24 resources by enabling joint trials where appropriate").

3

Counsel for each defendant and the government agree that 3:18-cr-57-MMD is a complex case within the meaning of 18 U.S.C. § 3161(h)(7)(B)(ii) and LCR 16(a)(1) in that: (1) the Indictment contains fifteen (15) counts and charges seventeen (17) defendants, (2) there are related cases involving some of the same defendants and/or involving some the same wiretapped phones, pending before this Court under 3:18-cr-53-MMD, 3:18-cr-55-MMD, 3:18-cr-56-MMD and 3:18-cr-60-MMD; (3) the government has provided a substantial amount of discovery to defendants, including, *inter alia*, intercepted wire and electronic communications over two cell phones alleged to be used by defendant Jose Valentin Mora, pole camera footage, the Facebook account of Jose Valentin Mora, recorded communications relating to controlled purchases of controlled substances and of a firearm, and reports and pictures relating to premises searched and items seized in this case. In addition, many of the intercepted communications provided are in the Spanish language. Based upon the volume of discovery, the number of defendants in this case (and in related) cases, the nature of the charges in this case involving the federal wiretaps of two cell phones, and on good cause shown, the parties request that the Court find and designate this case as complex pursuant to 18 U.S.C. § 3161(h)(7)(B)(ii) and LCR 16-1(a)(1). The following schedule encompasses further discovery in anticipation of trial in the case, 3:18-cr-57-MMD, set for June 4, 2019. Government disclosure statements remain in effect in each of cases 3:18-cr-53-MMD, 3:18-cr-55-MMD, 3:18-cr-56-MMD, and 3:18-cr-60-MMD.

///
///
///
///
///
///
///

# I.

# **PROPOSED COMPLEX CASE SCHEDULE**

1. <u>The Trial Date</u>.

The Court has already set a trial date of June 4, 2019, pursuant to the parties' stipulation previously filed with the Court for case 3:18-cr-57-MMD and in all of the related cases listed above. The parties anticipate that the trial will last approximately a month, should most of the defendants proceed to trial, in 3:18-cr-57-MMD-WGC. Each of the related cases should not last nearly as long, should they proceed, depending on the outcomes of 3:18-cr-57-MMD-WGC.

The defendants believe that trial in 3:18-cr-57-MMD-WGC should proceed first, with all defendants in case 3:18-cr-57-MMD-WGC and in related cases 3:18-cr-53-MMD, 3:18-cr-55-MMD-WGC, 3:18-cr-56-MMD-WGC and 3:18-cr-60-MMD-WGC waiving their respective rights to a speedy trial under 18 U.S.C. § 3161 *et seq.* for effective preparation by counsel, taking into account the exercise of due diligence, and in the interests of justice, which outweigh the interests of the defendant and of the public in a Speedy Trial, under 18 U.S.C. § 3161(h)(7)(A) and 18 U.S.C. § 3161(h)(7)(B)(iv) to June 4, 2019, the current trial date, in each of the aforementioned cases. By their counsel's signatures hereto, none of the defendants in case ending -57 or in related cases ending in -53, -55, -56 and/or -60 wish to proceed to trial until after the -57 case proceeds to trial.

2. <u>The Initial Discovery Phase</u>.

The parties propose that the government shall meet and continue to meet its obligation, to disclose and provide the following:

    a. all statements, documents, and objects, including audio and video recordings, required to be disclosed under Federal Rule of Criminal Procedure 16(a)(1)(A)-(F).

     b. all search warrants, orders authorizing the interception of wire, oral or electronic communications, and supporting affidavits, that relate to evidence that may be offered at trial;

     c. all police or investigative reports that are relevant and material to the charges in the Indictment.

3.   <u>Motion Schedule To Resolve Any Discovery Disputes and Pretrial Motions Schedule.</u>

The parties acknowledge a duty to make good faith efforts to meet and confer with each other to resolve informally any dispute over the scope, manner and method of disclosures before seeking relief from the Court. A breach of the duty to meet and confer, by either party, may serve as a basis to grant or deny any subsequent motion for appropriate relief made before the Court. If the parties are unable to agree or resolve disputes after good faith efforts to do so, the parties propose the following pretrial motions schedule for both discovery motions and other motions:

     a. Pretrial Motions, including motions to suppress, and any notices of any defenses under Rules 12.1, 12.2 and 12.3, joinder, and severance under Rule 8 of the Federal Rules of Criminal Procedure, shall be filed on or before February 20, 2019;

     b. Responses to Pretrial Motions to be filed on or before March 11, 2019; and

     c. Replies to Pretrial Motions to be filed on or before March 18, 2019.

4.   <u>The Second Discovery Phase.</u>

The parties agree:

     a. The government will provide expert disclosures as required under Federal Rule of Criminal Procedure 16 on or before ninety (90) days before trial;

     b. Each defendant will provide expert disclosures as required under Federal Rule of Criminal Procedure 16 on or before sixty (60) days before trial;

    c. The government has the right to supplement or modify its expert disclosures under Federal Rule of Criminal Procedure 16 within 90 days of trial given that defendants' expert disclosures are not due until 60 days prior to trial, and defendants' reciprocal discovery due until 45 days before trial.

    b. No later than 45 days before trial, each defendant will comply with his obligation to provide reciprocal discovery and provide all documents, objects and reports of examination required under Federal Rule of Criminal Procedure 16.

5. The Expert Motion Phase.

    a. Any *Daubert* motion for any experts disclosed as called for in the foregoing subsection shall be filed on or before May 1, 2019.

    b. Responses to any such *Daubert* motions will be due on May 13, 2019.

    c. Replies, if any, to any such *Daubert* motions will be due on May 17, 2019.

6. Pre-Trial Motions *in Limine*.

The parties agree to the following schedule for Motions *in Limine*:

    a. Motions *in Limine* shall be filed on or before May ~~15,~~ 8, 2019.

    b. Responses to Motions *in Limine* shall be filed on or before May ~~24~~ 17, 2019; and

    c. Replies, if any, to Motions *in Limine* shall be filed on or before May ~~28~~ 21, 2019.

7. The Pre-Trial Phase.

The parties agree to the following pre-trial phase:

    a. No later than 14 days before trial, the government will disclose, if not already disclosed, any statements of witnesses under Title 18 United States Code, Section 3500 (such as grand jury testimony), and reports of interviews of witnesses for those witnesses the Government anticipates possibly calling in its case in chief, unless the government files a motion for protective order under Rule 16(d)(1) at the time said

statements are due herein, unless any of these statements occur within 14 days of trial, in which case the statements will be turned over promptly;

    b. No later than 12 days before trial, each of the parties will identify recordings, transcripts/translations of recordings, or portions thereof, that will be offered in their respective case-in-chief at trial;

    c. No later than 7 days before trial, each defendant will disclose, if not already disclosed, any statements of witnesses the respective defendant intends to call in his case-in-chief, unless the defendants file a motion for protective order under Rule 16(d)(1) at the time said statement is due herein, unless any of these statement occur within 7 days of trial, in which case the statements will be turned over promptly.

    d. No later than 5 days before trial that the parties will disclose the exhibits they intend to offer in their respective case-in-chief at trial, including any summary exhibits.

8. <u>Trial Set for June 4, 2019</u>.

If a majority of defendants proceed to trial, the parties anticipate the period of time for trial in this case to run approximately one month.

## II.

## **MODIFICATIONS AND REQUEST FOR LEAVE**

The parties agree that this Complex Case Schedule may be modified, subject to the Court's approval, in whole or in part in writing by all parties' signatures thereto.

A party may request an extension of any of the foregoing deadlines from the opposing parties for good cause. If, notwithstanding their good faith to do so, the parties do not reach agreement as to any requested extension, a party may apply for leave from the Court.

///

///

## III.

**STIPULATION AS TO EXCLUSION OF TIME FOR SPEEDY TRIAL PURPOSES UNDER TITLE 18 ,UNITED STATES CODE, SECTIONS 3161, *et seq.*, FOR CASES 3:18-CR-53-MMD, 3:18-CR-55-MMD; 3:18-CR-56-MMD, 3:18-CR-57-MMD, and 3:18-CR-60-MMD**

This Stipulation in cases 3:18-cr-53-MMD, 3:18-cr-55-MMD, 3:18-cr-56-MMD, 3:18-cr-57-MMD and 3:18-cr-60-MMD is entered into for the following reasons:

1. The parties agree that this case, 3:18-cr-57-MMD-WGC is complex, pursuant to Title 18, United States Code, Section 3161(h)(7)(B)(ii), and that it is unreasonable to expect adequate preparation for pretrial proceedings or trial itself within the time limits established by Title 18, United States Code, Section 3161 et seq. The failure to exclude this time under the Speedy Trial Act would fail to recognize that this case is a complex case due to the number of counts and defendants, the nature of the prosecution, and the volume of discovery. *See* 18 U.S.C. § 3161(h)(7)(B)(ii). The factual and legal issues apparent from the Indictment may also generate novel questions of fact and law. For these reasons, and in the interests of justice, the exclusion of time under the Speedy Trial Act is appropriate due to the fact that this is a complex prosecution under Title 18, United States Code, Section 3161(h)(7)(B)(ii). In addition, the combination of all of the related cases 3:18-cr-53-MMD, 3:18-cr-55-MMD, 3:18-cr-56-MMD, 3:18-cr-57-MMD and 3:18-cr-60-MMD is complex in itself. The jury trial in case 3:18-CR-57-MMD is set for June 4, 2019.

2. The exclusion of time under the Speedy trial Act is also necessary for cases 3:18-cr-53-MMD, 3:18-cr-55-MMD, 3:18-cr-57-MMD and 3:18-cr-60-MMD because, even if, taken as a whole, the case is not so unusual or complex as to fall within 18 U.S.C. § 3161(h)(7)(B)(ii), the failure to grant this exclusion would deny counsel for the defendants the reasonable time necessary for effective preparation, taking into account the exercise of due diligence, in these multiple cases involving multiple defendants and/or Title III wiretaps over two cell phones. *See* 18 U.S.C. § 3161(h)(7)(B)(iv).

3. The failure to grant the exclusion of time requested would, given the facts and reasons set forth above, result in a miscarriage of justice, pursuant to 18 U.S.C. § 3161(h)(7)(B)(i). Furthermore, in light of the foregoing facts, the interests in this exclusion of time outweighs the best interests of the public and the defendants in a speedy trial pursuant to 18 U.S.C. § 3161(h)(7)(A).

4. The parties agree and stipulate, for the foregoing reasons and pursuant to the statutory sections referenced above, that the time from the initially scheduled trial date of August 28, 2018, to the presently scheduled trial date of June 4, 2019 (for each case), shall be excluded in computing the time within which the trial of these offenses must commence under the Speedy Trial Act, 18 U.S.C. § 3161(h)(7)(A) and §§ 3161(h)(7)(B)(i) and (iv) in each of cases 3:18-cr-53-MMD, 3:18-cr-55-MMD, 3:18-cr-56-MMD, 3:18-cr-57-MMD and 3:18-cr-60-MMD and 18 U.S.C. § 3161(h)(7)(B)(ii) in case 3:18-cr-57-MMD.

5. Undersigned defense counsel have spoken with their respective clients and have outlined the course of action described above. The defendants agree that additional time is absolutely necessary to guarantee their rights under the Sixth Amendment. Each defendant believes that his lawyers need the additional time to begin to investigate all potential defenses in this case, to conduct witness interviews and other trial preparation, and to otherwise effectively defend against the charges. Some of the defendants are in custody pending trial in this case, others have been released on personal recognizance without conditions; all of them have agreed that this additional time is necessary for the grounds set forth above.

6. Accordingly, the period of time from August 28, 2018 to June 4, 2019, is excluded in computing the time within which the trial herein must commence under the provisions of the Speedy Trial Act, Title 18, United States Code, Sections 3161(h)(7)(A), (7)(B)(i), and (7)(B)(iv) in each of cases 3:18-cr-53-MMD, 3:18-cr-55-MMD, 3:18-cr-56-MMD, 3:18-cr-57-MMD and 3:18-cr-60-MMD, and

///

under Title 18, United States Code, Section 3161(h)(7)(B)(ii) for case 3:18-cr-57-MMD.

IT IS SO STIPULATED this 20th day of September, 2018.

DAYLE ELIESON
United States Attorney
District of Nevada

| /s/ James E. Keller | /s/ Christopher P. Frey |
|---|---|
| James E. Keller | Christopher P. Frey, A.F.P.D. |
| Assistant United States Attorney | Counsel for Defendant Jose Valentin Mora |

| /s/ Loren Graham | /s/ Scott Edwards |
|---|---|
| Loren Graham, Esq. | Scott Edwards, Esq. |
| Counsel for Defendant Sandy Diaz Tavares | Counsel for Defendant Javier Chavez |

| /s/ Janice Hubbard | /s/ Theresa Ristenpart |
|---|---|
| Janice Hubbard, Esq. | Theresa Ristenpart, Esq. |
| Counsel for Defendant Shawn Curl | Counsel for Defendant Marcos Antonio Hernandez-Cisneros |

| /s/ Kathleen Bliss | /s/ Dennis Cameron |
|---|---|
| Kathleen Bliss, Esq. | Dennis Cameron, Esq. |
| Counsel for Defendant Robert Mora-Mora | Counsel for Defendant Juan Baca |

| /s/ Cheryl Field-Lang | /s/ Steve Sexton |
|---|---|
| Cheryl Field-Lang, Esq. | Steve Sexton, Esq. |
| Counsel for Defendant Richard Rossall | Counsel for Defendant Ciarra Hernandez |

| /s/ Richard Molezzo | /s/ Paul Wolfe |
|---|---|
| Richard Molezzo, Esq. | Paul Wolfe, Esq. |
| Counsel for Defendant Marco Antonio Ramirez | Counsel for Defendant Leon DeJesus Munera |

| /s/ Kenneth Stover | /s/ Maysoun Fletcher |
|---|---|
| Kenneth Stover, Esq. | Maysoun Fletcher, Esq. |
| Counsel for Defendant Kelsea Barbara Riley | Counsel for Defendant Jorge Ayala-Chavez |

| /s/ John Arrascada | /s/ Michael Kennedy |
|---|---|
| John Arrascada, Esq. | Michael Kennedy, Esq. |
| Counsel for Defendant Alberto Beto Acosta-Macias | Counsel for Defendant Dagoberto Mora-Silva |

**ORDER**

Pursuant to LCR 16-1(a)(4), and upon good cause shown, the Court adopts the schedule for discovery, pretrial motions and trial set forth in the foregoing Stipulation filed by the parties.

The Court hereby FINDS, based upon the reasons set forth in the foregoing Stipulation among the parties, incorporated herein by reference, that the case 3:18-cr-57-MMD is complex as defined in 18 U.S.C. § 3161(h)(7)(B)(ii), and that the ends of justice are served by the exclusions of time under the Speedy Trial Act to the trial date of June 4, 2019, in each of cases 3:18-cr-53-MMD, 3:18-cr-55-MMD, 3:18-cr-56-MMD, 3:18-cr-57-MMD and 3:18-cr-60-MMD, outweighing, in each case, the defendants' and public's best interests in a speedy trial. 18 U.S.C. § 3161(h)(7)(A). First, the failure to grant the requested exclusion of time under Speedy Trial Act in each of cases 3:18-cr-53-MMD, 3:18-cr-55-MMD, 3:18-cr-56-MMD, 3:18-cr-57-MMD and 3:18-cr-60-MMD would fail to recognize that the 3:18-cr-57-MMD case is a complex case under 18 U.S.C. § 3161(h)(7)(ii) due to the number of counts and number of defendants, the nature of the prosecution, and the volume of discovery, and that the combination of all of the cases 3:18-cr-53-MMD, 3:18-cr-55-MMD, 3:18-cr-56-MMD, 3:18-cr-57-MMD and 3:18-cr-60-MMD is complex in itself. Second, the exclusion of time in each of cases 3:18-cr-53-MMD, 3:18-cr-55-MMD, 3:18-cr-56-MMD, 3:18-cr-57-MMD and 3:18-cr-60-MMD is necessary because the failure to do so would deny counsel for the defendants the reasonable time necessary for effective preparation, taking into account the exercise of due diligence. 18 U.S.C. § 3161(h)(7)(B)(iv). Third, based upon the facts set forth above, the failure to grant the exclusion of time under the Speedy Trial Act in each of cases 3:18-cr-53-MMD, 3:18-cr-55-MMD, 3:18-cr-56-MMD, 3:18-cr-57-MMD and 3:18-cr-60-MMD would result in a miscarriage of justice. 18 U.S.C. § 3161(h)(7)(B)(i).

IT IS ORDERED that, consistent with the previous Order issued by this Court, the time from August 28, 2018, to June 4, 2019, is excluded in each of cases 3:18-cr-53-MMD, 3:18-cr-55-MMD,

3:18-cr-56-MMD, 3:18-cr-57-MMD and 3:18-cr-60-MMD under the Speedy Trial Act pursuant to 18 U.S.C. §§ 3161(h)(7)(A) and 3161(h)(7)(B)(i), (ii), and (iv).

IT IS FURTHER ORDERED, that the stipulated schedule by the parties in the foregoing Complex Case Schedule is adopted and so ordered by this Court.

IT IS SO ORDERED.

DATED __24th__ day of September, 2018.

_____
HON. MIRANDA M. DU
UNITED STATES DISTRICT JUDGE